IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MAGED YOUSRY FAKHRY SAAD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-cv-01860** |
| **v.** | ) | **Agency Case No.: A 249-256-093** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER

Petitioner Maged Yousry Fakhry Saad was arrested by United States Immigration and Customs Enforcement ("ICE") agents in Nashville, Tennessee on November 16, 2026, and was transported to an ICE Processing Center at Richwood Correctional Center in Monroe, Louisiana. (Doc. No. 1 ¶ 17; Doc. No. 11 at 1). For the reasons stated herein, Petitioner's Verified Petition for Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to immediately transport Youssef Farag Ghali Bekhit to the Middle District of Tennessee at the Government's expense and then, once returned, immediately release Youssef Farag Ghali Bekhit.

## I. BACKGROUND

Petitioner, through counsel, initiated this habeas action on November 16, 2026, by filing the present Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging being unlawfully detained and denied a bond hearing by Respondents in violation of the of the Fifth Amendment Due Process clause and the Immigration and Nationality Act. (*See* Doc. No. 1). Petitioner was apprehended in the interior of the United States in an ICE enforcement action during a regularly scheduled reporting appointment, years after Petitioner's entry. (*See id.* ¶ 17). Petitioner was taken into custody and treated by the Department of Homeland Security as subject

to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). (*See id.* ¶ 19). The Petition represents that, as of the time of its filing, counsel for Petitioner believed that Petitioner was in the custody of Respondents within this judicial district. (*See id.* ¶ 18).

On November 19, 2026, the Court ordered Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Doc. No. 8). On November 20, 2026, Respondents filed an unopposed motion for extension of time to respond to the Petition. (Doc. No. 10). Respondents filed their Response on November 25, 2026, (Doc. No. 11), declaring that Petitioner was detained by ICE in Nashville, Tennessee and was subsequently transported to Richwood Correctional Center in Monroe, Louisiana. *(Id.* ¶ 4*).*

## II. LAW AND ANALYSIS

The Sixth Circuit ruled recently that certain noncitizens were improperly detained under § 1225(b)(2) instead of § 1226(a), and that detention without an opportunity for release on bond violated their due process rights:

> Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings," Petitioners could have been detained pursuant to only § 1226. *See Jennings*, 583 U.S. at 303.
>
> …
>
> Petitioners rightfully state that they have a liberty interest to be free from detention. As discussed, this is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike. *See Zadvydas*, 533 U.S. at 690, 121 S.Ct. 2491; *Hamdi*, 542 U.S. at 529, 124 S.Ct. 2633. It is from this liberty interest that detention without an individualized bond hearing can become constitutionally impermissible, even if the detention has a

> theoretical end point. *See Hernandez-Lara*, 10 F.4th at 45–46; *Velasco Lopez v. Decker*, 978 F.3d at 855 & n.13.

*Lopez-Campos v. Raycraft*, 175 F.4th 713, 732-34 (6th Cir. 2026) (affirming the district court's determination that the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights). This binding authority is on the exact issue presently before the Court and controls the resolution of the Petition in this matter. Respondents acknowledge that *Lopez-Campos* is binding on this Court and have conceded that Petitioner is detained under § 1226(a). (Doc. No. 11 at 2). Yet, Respondents further request that this Court deny the Petitioner's Motion and allow seven days for the scheduling of a bond redetermination hearing before the Immigration Court as opposed to his immediate release. (*Id.* at 4).

"ICE's decision to detain [Petitioner] without a bond hearing violated that liberty interest [to be free from detention], which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release." *Chavez Ortiz v. W. Tennessee Det. Facility,* 2026 WL 2455344, at *2 (W.D. Tenn. Aug. 21, 2026) (citing *Villafranca Lara v. Ladwig*, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).")); *see also Cardona v. Ladwig*, 2025 WL 3722009, at *7 (M.D. Tenn. Dec. 23, 2025) (ordering Petitioner's immediate release rather than a bond hearing after finding he was unlawfully detained under 8 U.S.C. § 1225(b)(2)). Therefore, consistent with *Lopez-Campos*, *Villafranca Lara*, and *Chavez Ortiz*, and after consideration of the record, the Petition (Doc. No. 1) is **GRANTED**.

## III. CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondents are **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Middle District of Tennessee. Immediately following Petitioner's return to this District, Respondents are **ORDERED** to release Petitioner. Respondents are **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2). Respondents are **FURTHER ORDERED** to file a status report with this Court within **two business days**, to certify compliance with this Order.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE